IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR-09-90-BLG-DWM-CSO-1 |
|---|---|
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO MODIFY CONDITIONS OF SUPERVISED RELEASE** |
| RYAN NEALE SPOONER, | |
| Defendant. | |

## I. Synopsis of Recommendation

A petition alleged that Defendant Ryan Neale Spooner ("Spooner") violated conditions of his supervised release discussed in more detail below. Spooner's supervised release should be revoked and he should be sentenced to 10 months incarceration with no supervision to follow.

## II. Status

On March 24, 2010, after Spooner pled guilty to being a felon in possession of a firearm, the Court sentenced Spooner to 14 months in custody followed by 36 months of supervised release. *ECF 15, 22.*

1

Spooner began his first term of supervised release on September 20, 2010. *ECF 25*.

Spooner's supervised release was revoked on May 12, 2011, and he was sentenced to credit for time served and 36 months of supervised release. *ECF 36*. Spooner began his second term of supervised release on September 20, 2010. *ECF 38*.

Spooner's supervised release was again revoked on September 1, 2011, and he was then sentenced to 10 months custody followed by 25 months of supervised release. *ECF 49*. Spooner began his third term of supervised release on May 25, 2012. *ECF 57*.

**<u>Petition</u>**

On December 4, 2013, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision alleging 11 separate violations of Spooner's supervised release. On December 11, 2013, the Probation Office filed an Amended Petition, adding two additional alleged violations. The Amended Petition alleges that Spooner violated:

(1) Special Condition Number 2 by appearing one half hour late

to a scheduled substance abuse treatment class;

(2) Special Condition Number 1 by failing to report for random urinalysis testing;

(3) Special Condition Number 1 by again failing to report for random urinalysis testing;

(4) Standard Condition Number 11 by failing to report contact with law enforcement after receiving a warning from a Billings Police Officer for speeding;

(5) Special Condition Number 5 by consuming alcohol;

(6) Special Condition Number 5 by again consuming alcohol;

(7) Special Condition Number 5 by testing positive for alcohol and admitting to such use;

(8) Special Condition Number 1 by submitting a dilute urine sample;

(9) Special Condition Number 5 by testing positive for Ethyl Glucuronide and admitting to consuming alcohol;

(10) Special Condition Number 5 by consuming alcohol two other occasions;

3

(11) Special Condition Number 5 by consuming alcohol on yet another occasion;

(12) Special Condition Number 3 by failing to timely report for a mental health appointment; and

(13) Special Condition Number 3 by failing to attend a scheduled mental health appointment on a separate occasion.

*ECF 57.*

Based on the original petition, the undersigned issued a warrant for Spooner's arrest. *ECF 52.* The case was reassigned to the Hon. Donald W. Molloy, U.S. District Judge, and referred to the undersigned for Findings and Recommendations. *Standing Order DLC-10.*

**Initial Appearance**

Spooner was arrested on December 4, 2013. He made an initial appearance before the undersigned on December 6, 2013, in Billings, Montana.

**Revocation Hearing**

On December 19, 2013, the Court conducted a hearing on whether Spooner's supervised release should be revoked. Lisa Bazant

4

represented Spooner. Lori Suek represented the United States. The undersigned explained the Findings and Recommendations procedure to Spooner, including his right to appear and allocute before Judge Molloy and the necessity of properly objecting to the Findings and Recommendations in order to preserve that right. In addition, Spooner, his counsel, and the Assistant U.S. Attorney executed an Acknowledgment of Rights and Consent, again acknowledging his understanding of the Findings and Recommendations procedure and consenting thereto.

Spooner admitted all of the violations alleged in the Amended Petition. The undersigned accepted Spooner's admissions, determined that his supervised release should be revoked, and proceeded to consider sentencing recommendations. The undersigned calculated that Spooner's violation grade is C, his criminal history category is II, and the underlying offense is a class C felony. Under those circumstances, the maximum sentence is not more than 2 years incarceration, and the United States Sentencing Guidelines call for 4 to 10 months incarceration. Spooner could be sentenced to a term of not

more than 3 years of supervised release, less any incarceration time imposed. Ms. Bazant and Ms. Suek agreed with those calculations.

Ms. Suek requested a sentence of 10 months incarceration with no supervised release to follow. Ms. Suek noted that this is Spooner's third revocation and that he has admitted to 13 violations of his most recent term of supervision, and argued that the government should not expend further resources attempting to rehabilitate Spooner. Ms. Suek argued that Spooner must be held accountable for his actions but that he should not be placed on supervision following a term of custody.

Ms. Bazant recommended a sentence of 2 or 3 months incarceration followed by a term of supervised release and the requirement that Spooner attend inpatient treatment at his own expense. Ms. Bazant argued that Spooner's recent alcohol use, forming the basis for many of the violations, was prompted by a recent injury Spooner sustained that required surgery. Ms. Bazant argued that Spooner experienced significant pain and turned to alcohol as a means of self medicating. Ms. Bazant argued that the Court should consider a sentence that is not strictly punitive, and instead sentence Spooner to a

6

short term of custody so that he can begin inpatient treatment as soon as possible.

Spooner addressed the Court. He acknowledged his conduct but asked the Court for another chance to get some treatment and the help he needs. He claimed that he had been sober for four years but relapsed due to the pain from his recent surgery.

### III.  Analysis

Based on Spooner's admitted violations of his conditions of supervised release, his supervised release should be revoked. The violations are troubling not only because they are breaches of the Court's trust, but also because of the efforts of his supervising officer to help Spooner, to work with him, to give him additional chances after his first violations occurred, and to impart upon Spooner the seriousness of his noncompliance and the consequences that likely would result with repeated failures to comply.

The Court cannot overlook that this is Spooner's third revocation of supervised release and that Spooner received a 10 month custody sentence on his prior revocation. The Court does not believe that a

custody sentence on this third revocation should be any less, and further finds that Spooner is not amenable to further supervision. Spooner previously has attended a residential substance abuse treatment program at Rimrock Foundation, similar programs during a residential stay at a Residential Re-entry Center, and an outpatient substance abuse treatment program, yet he continues to violate his terms of supervision. He is fortunate that he has strong family support and he stated at the hearing that he intends to again seek treatment after he is released from prison.

The undersigned believes that the sentence listed below is appropriate. Spooner should be sentenced to 10 months incarceration with no supervised release to follow.

## IV. Conclusion

The undersigned advised Spooner that the above sentence would be recommended to Judge Molloy, and reminded him that he has the right to appear and allocute before Judge Molloy. The undersigned instructed Spooner that he may object to these Findings and Recommendations within 14 days of their issuance, and must do so if

he wishes to preserve his right to allocute before Judge Molloy.

The Court makes the following **FINDINGS.** Spooner violated:

1. Special Condition Number 2 by appearing one half hour late to a scheduled substance abuse treatment class;

2. Special Condition Number 1 by failing to report for random urinalysis testing;

3. Special Condition Number 1 by again failing to report for random urinalysis testing;

4. Standard Condition Number 11 by failing to notify his probation officer of contact with law enforcement after receiving a warning from a Billings Police Officer for speeding;

5. Special Condition Number 5 by consuming alcohol;

6. Special Condition Number 5 by again consuming alcohol;

7. Special Condition Number 5 by testing positive for alcohol and admitting to such use;

8. Special Condition Number 1 by diluting a submitted urine sample;

9. Special Condition Number 5 by testing positive for Ethyl Glucuronide and admitting to consuming alcohol;

10. Special Condition Number 5 by consuming alcohol two other occasions;

11. Special Condition Number 5 by consuming alcohol on yet another occasion;

12. Special Condition Number 3 by failing to timely report for a mental health appointment; and

13. Special Condition Number 3 by failing to attend a scheduled mental health appointment on a separate occasion.

The Court makes the following **RECOMMENDATION:**

1. The District Court should revoke Spooner's supervised release and commit Spooner to the custody of the United States Bureau of Prisons for a term of imprisonment of 10 months with no supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and

may waive the right to appear and allocute before a district judge.

Dated this 20th day of December, 2013.

                                      /s/ Carolyn S. Ostby
                                      United States Magistrate Judge